CROWN CORK & SEAL COMPANY,
INC.

v.

CHEMED CORPORATION, t/a
DuBois Chemicals, Inc.

Civ. A. No. 83–1130.

United States District Court,
E.D. Pennsylvania.

April 3, 1984.

Gerard P. Harney, Cozen, Begier & O'Connor, Philadelphia, Pa., for plaintiff.

Jonathan D. Herbst, LaBrum & Doak, Philadelphia, Pa., for defendant.

### MEMORANDUM/ORDER *

LOUIS H. POLLAK, District Judge.

On February 17, 1984, defendant filed with this court a motion to compel appearance at oral deposition. That motion seeks a court order requiring plaintiff to produce

---

* This Memorandum/Order was originally issued on February 23, 1984. Certain revisions have since been made for the purposes of publication.

nine witnesses for depositions within fifteen days of the date of such court order.

Attached to the motion is the certification of counsel required by Local Rule of Civil Procedure 24(f), stating that the parties have been unable to resolve the dispute after reasonable effort. The only facts recited in the motion which relate to such efforts by the parties are the following:

3. By letter dated January 6, 1984, the undersigned counsel sent a letter to plaintiff's attorney, a copy of which is attached as Exhibit "A," inquiring as to the availability of nine witnesses for depositions.

4. In the last week of January, 1984, the undersigned counsel instructed his secretary to call the office of plaintiff's counsel every day until the depositions were scheduled.

5. To date, the undersigned counsel's secretary has followed the aforementioned instructions and has repeatedly been informed by plaintiff's counsel's secretary that she is waiting for dates from Mr. Thomas of Crown Cork & Seal Company.

The letter referred to in paragraph 3 of the motion was not attached to the motion.

■ Thus, it appears that counsel's only efforts to resolve this dispute prior to presenting it to the court took the form of the letter which originally requested the depositions followed by a series of telephone conversations between the secretaries of the attorneys involved in the action. There have apparently been no direct communications between counsel.

These efforts are not sufficient to satisfy Local Rule 24(f). Eastern District of Pennsylvania Local Rule of Civil Procedure 24(f) states:

No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute.[1]

■ This rule is not merely a formalistic requirement developed by this court to increase the volume of each discovery motion filed. It was intended to reduce the unnecessary burden on the court and added expense to the parties caused by the expectation that the court would interject itself in minor pretrial skirmishes.

■ Rule 24(f) contemplates that counsel will make "reasonable efforts" to work together to resolve discovery disputes. Discovery disputes should not be referred to the court unless such serious differences exist between counsel that further efforts at negotiation are pointless or unless court intervention is necessary to resolve a dis-

1. Virtually all of the federal district courts of the United States have a local rule of civil procedure which is similar to Eastern District of Pennsylvania Local Rule 24(f). D. ALASKA R.CIV.P. 5(D)(2); D.ARIZ.R.CIV.P. 11(b); C.D. CAL.R.CIV.P. 7.15.1; E.D.CAL.R.CIV.P. 114(c); N.D.CAL.R.CIV.P. 230(4)(a); S.D.CAL.R.CIV.P. 232–1; D.COLO.R.CIV.P. 403(G); D.CONN.R. CIV.P. 9(f); M.D.FLA.R.CIV.P. 3.04(a); N.D. FLA.R.CIV.P. 8(A); S.D.FLA.R.CIV.P. 10(I)(7); N.D.GA.R.CIV.P. 91.62; S.D.GA.R.CIV.P. 6.5; D. HAWAII R.CIV.P. 230–4(a); D. IDAHO R.CIV.P. 7–105(b); C.D.ILL.R.CIV.P. 11; N.D.ILL.R. CIV.P. 12(d); S.D.ILL.R.CIV.P. 14; N.D.IND.R. CIV.P. 7(e); S.D.IND.R.CIV.P. 13; D. IOWA R.CIV.P. 2.2.5; D.KAN.R.CIV.P. 17(k); W.D.KY. R.CIV.P. 10(d); E.D.LA.R.CIV.P. 3.11; M.D.LA. R.CIV.P. 5(D); W.D.LA.R.CIV.P. 10.1(b); D.ME. R.CIV.P. 16(b); D.MD.R.CIV.P. 34; D.MASS.R. CIV.P. 15(e); E.D.MICH.R.CIV.P. 17(a)(2); W.D. MICH.R.CIV.P. 28(a); D.MINN.R.CIV.P. 4(C); N.D.MISS.R.CIV.P. C–6; S.D.MISS.R.CIV.P. 8(E)(3); E.D.MO.R.CIV.P. 7(C); W.D.MO.R. CIV.P. 15(N); D.NEB.R.CIV.P. 20(I); D.NEV.R. CIV.P. 17(A)(4)(b); D.N.H.R.CIV.P. 14(c); D.N. J.R.CIV.P. 12(G); D.N.M.R.CIV.P. 10(d); E.D. & S.D.N.Y.R.CIV.P. 3(f); N.D.N.Y.R.CIV.P. 46; W.D.N.Y.R.CIV.P. 17; M.D.N.C.R.CIV.P. 21(K); W.D.N.C.R.CIV.P. 8(A); D.N.D.R.CIV.P. 4(f)(3); N.D. OHIO R.CIV.P. 3.04; S.D. OHIO R.CIV.P. 4.7.3; E.D.OKLA.R.CIV.P. 13(d); N.D.OKLA.R. CIV.P. 14(e); W.D.OKLA.R.CIV.P. 14(e); D.OR. R.CIV.P. 230–2; M.D.PA.R.CIV.P. 402.6; W.D. PA.R.CIV.P. 4(a); D.P.R.R.CIV.P. 8(M); D.R.I.R. CIV.P. 13(d); D.S.D.R.CIV.P. 4(8)(C); M.D. TENN.R.CIV.P. 9(e)(3); W.D.TENN.R.CIV.P. 9(f); E.D.TEX.R.CIV.P. 6(h); N.D.TEX.R.CIV.P. 5.1(a); S.D.TEX.R.CIV.P. 14(A); W.D.TEX.R. CIV.P. 300–5(h); D. UTAH R.CIV.P. 9(h); E.D.V. I.R.CIV.P. 11–1(J); E.D.WASH.R.CIV.P. 9(b); W.D.WASH.R.CIV.P. 37(g); N.D.W.VA.R.CIV.P. 2.07; E.D.WIS.R.CIV.P. 6.02; W.D.WIS.R.CIV.P. 8(d); D.WYO.R.CIV.P. 7(i).

puted issue of law. Moreover, the duty prescribed by Local Rule 24(f) is a professional obligation which counsel owe to this court. As such, it is inappropriate for counsel to delegate this responsibility solely to nonattorney subordinates.

Therefore, it is hereby ORDERED that defendant's motion to compel appearance at oral deposition is DENIED with leave to resubmit the issue to the court only after counsel for both parties have truly made an effort to comply with both the form and the spirit of Local Rule 24(f).