**TARKETT, INC., Plaintiff**

v.

**CONGOLEUM CORP., Defendant.**

**Civ. A. No. 91–CV–4830.**

United States District Court,
E.D. Pennsylvania.

Nov. 5, 1992.

William T. Hangley, Hangley Connolly Epstein Chicco Foxman & Ewing, Philadelphia, Pa., Carol Witchel, Edward V. Filardi, White & Case, G.T. Delahunty, William R. Robinson, Harold Haidt, Brooks, Haidt, Haffner & Delahunty, New York City, for Tarkett, Inc.

Joseph F. Posillico, Jeffrey M. Navon, Synnestvedt & Lechner, Philadelphia, Pa., for Congoleum Corp.

Jeffrey M. Navon, Synnestvedt & Lechner, Alexis Barron, Philadelphia, Pa., for A.J. Manning, Dr.

## MEMORANDUM

ROBRENO, District Judge.

## I. INTRODUCTION

On October 26, 1992, this court entered an Order (the "Case Management Order"): (1) denying two extensive discovery motions filed by the defendant; (2) denying in part the defendant's motion to vacate the scheduling and discovery order setting the case for trial for November 4, 1992 in order to take discovery in Sweden in anticipation of amending the answer and counterclaim to add antitrust and a theft of trade secrets counts; [1] and (3) vacating in part the scheduling order of July 9, 1992, to permit limited discovery to continue until December 1, 1992. Trial was specially listed to commence on January 15, 1993. This memorandum explains the reasons upon which the Case Management Order was predicated.

This case involves complex claims and counterclaims of patent infringement. The case is now fifteen months old. While the parties have conducted significant discovery, it is obvious that the case is not ready for trial. A review of the chronology of this case is helpful in understanding the litigants' current predicament:

1. This case was filed on July 29, 1991. Defendant answered the complaint on August 22, 1991, and discovery commenced soon thereafter.

---

1. Also pending is the defendant's motion to amend its answer and develop allegedly newly discovered counterclaims for theft of trade secrets and for antitrust violations. Because the plaintiff has not had an opportunity to respond to this motion it is not considered nor decided herein.

2. On February 4, 1992, this case was reassigned from the calendar of the Honorable Daniel H. Huyett, 3rd, to the calendar of the Honorable Franklin S. Van Antwerpen.

3. On April 2, 1992, defendant filed a motion for summary judgment as to the invalidity of claims 1–5, 12, 14–16, 26, and 28 of United States patent 5,016,516 (the "516 Patent"). The motion was denied without opinion on April 10, 1992. On April 21, 1992, defendant filed a motion for reconsideration of the court's denial of summary judgment (Document No. 41).[2] This motion is pending.

4. On May 11, 1992, defendant filed a motion for an order compelling testimony of certain witnesses and for sanctions (Document No. 43).[3] This motion is pending.

5. On July 9, 1992, the Honorable J. Curtis Joyner entered a Scheduling Order directing that all discovery in this matter be completed by October 8, 1992 (Document No. 48). Judge Joyner further ordered that the case be placed on the court's trial list on November 4, 1992.[4]

6. On August 17, 1992, defendant filed a motion to compel discovery under Fed. R.Civ.P. 37 (Document No. 49).[5] This motion is pending.

7. On August 25, 1992, this case was reassigned from the calendar of the Honorable John R. Padova to my calendar (Document No. 50).

8. On August 27, 1992, defendant filed a motion to amend the scheduling order and for an enlargement of time in which to complete discovery (Document No. 51).[6] This motion is pending.

9. On October 22, 1992, defendant filed a motion for leave to amend its answer to assert counterclaims for trade secret theft and antitrust violations (Document No. 60).[7] This motion is pending.

10. On October 26, 1992, the court held a hearing on all pending motions.

## II. DISCUSSION

### A. *Defendant's Failure to Comply With the Local Rules*

Local judicial districts have long attempted to streamline the discovery process through the enactment of local rules. *See, e.g.,* Rule 24 of the Local Rules of the United States District Court for the Eastern District of Pennsylvania (the "Eastern District Rules"). This approach is consistent with the general discretion vested in the district courts to supervise the discovery process. *Zipes v. Abraham,* No. 91–

---

**2.** Defendant argues that relevant information discovered subsequent to the original briefing of the summary judgment motion reveals that reconsideration is required. Defendant contends that the April 13, 1992 deposition of Mr. Faust reveals that his affidavit in support of plaintiff's memoranda in opposition to summary judgment is inadmissible and that "... a conclusion of the invalidity of the 516 Patent is inescapable." *See Memorandum in Support of Congoleum's Motion for Reconsideration of the Denial of Summary Judgment,* at 2–6.

**3.** Defendant seeks to compel plaintiff's Fed. R.Civ.P. 30(b)(6) designee, Mr. Kenneth J. Faust, to answer certain questions objected to and unanswered at deposition on the basis of relevancy and confidentiality.

**4.** The docket does not reflect when the case was transferred to Judge Joyner from Judge Van Antwerpen's calendar, nor does it reflect when this case was transferred from Judge Joyner to Judge Padova. *See* paragraph 7, *infra.*

**5.** Defendant seeks to compel production from plaintiff of a list of privileged documents, post

complaint discovery, foreign discovery, and additional discovery pursuant to interrogatories and document requests. *See generally Memorandum in Support of Congoleum's Motion Under Rule 37(a) For An Order Compelling Interrogatory Answers and Document Production.*

**6.** Defendant seeks to extend the current discovery deadline of October 8, 1992, and to continue the established trial date of November 4, 1992 to March 4, 1992. Defendant avers that it has been diligent but that plaintiff has been dilatory, that it needs to do discovery in a foreign country, and that it must investigate the presence of its documents in plaintiff's files so that it may amend its answer to include a trade secret theft counterclaim. Defendant has since moved to amend its answer.

**7.** Defendant seeks to add a so called "Walker Process Claim" to its answer. *See Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965) (enforcement of patent procured by fraud on patent office may be violative of Sherman Act).

5206, slip op. at 4, 1992 WL 328894 (E.D.Pa. Oct. 22, 1992). The Federal Rules of Civil Procedure expressly recognize the authority of each district court to issue rules governing their own practice not inconsistent with the national rules, Fed. R.Civ.P. 83, and once enacted, the local rules have the force of law. *Baylson v. Disciplinary Bd. of the Supreme Court of Pennsylvania*, 764 F.Supp. 328, 348 (E.D.Pa.1991), *aff'd*, 975 F.2d 102 (3d Cir. 1992).

■ The Eastern District Rules require litigants to narrowly define discovery issues, Eastern District Rule 24(b), as well as to undertake, in good faith, a resolution of discovery disputes, *inter se*, prior to the presentation of the disputed issues to the court. Eastern District Rule 24(f). Compliance with the Eastern District Rules is not optional on the litigants and failure to follow their provisions has led courts to decline the moving party's request for relief. *See, e.g., Manning v. U.S. Air Group, Inc.*, No. 90–4933, 1990 WL 198117, at *1 (E.D.Pa. Dec. 3, 1990) (failure to comply with Local Rule 24(f)); *Myer v. Miriam Collins—Palm Beach Lab Co., t/a Palm Beach Beauty Products*, No. 85–3457, 1985 WL 3275, at *1 (E.D.Pa. Oct. 24, 1985) (failure to comply with Local Rule 24(b) and 24(f)); *Crown Cork & Seal Co., Inc. v. Chemed Corp.*, 101 F.R.D. 105 (E.D.Pa.1984) (failure to comply with Local Rule 24(f)); *Cf., Zipes v. Abraham*, No. 91–5206, slip op. at 12, 1992 WL 328894 (E.D.Pa. Oct. 22, 1992) ("future failure to comply with Local Rule 24(f) could result in the denial of discovery motion").

Specifically, Eastern District Rule 24(b) provides:

> Every motion pursuant to the Federal Rules of Civil Procedure governing discovery *shall identify and set forth, verbatim,* the relevant parts of the interrogatory, request, answer, response, objection, notice, subpoena, or depositions. Any party responding to the motion shall

set forth verbatim, in that party's memorandum any other part that the party believes necessary to the court's consideration of the motion.

Eastern District Rule 24(b) (emphasis added).

■ The Rule requires the movant to identify for the court the precise request which is in dispute between the parties. Compliance serves the interest of judicial economy in that it focuses the court's attention on the specific request at issue without the need for the court to cull from the discovery papers the knob of the dispute. In this case, despite a flurry of filings, the defendant failed to comply with this prophylactic requirement and, instead, engaged in precisely the prolix argumentation the Rule is intended to discourage. This approach was not helpful.

Nor has the defendant complied with Eastern District Rule 24(f). The Rule provides:

> no motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule [Rule 24 Discovery] shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute.

Eastern District Rule 24(f).

While defendant filed various certifications ostensibly in compliance with the Rule, none provided the slightest detail concerning the nature of the efforts made by counsel to resolve the discovery disputes [8]. This pro forma compliance will not do:

> The Rule is not merely a formalistic requirement developed by this court to increase the volume of each discovery motion filed. It was intended to reduce the unnecessary burden on the court and added expense to the parties caused by the expectation that the court would interject itself in minor pretrial skirmishes.

---

**8.** The defendant claimed at the hearing that specific incidents of its compliance with the Rule were peppered throughout the body of the brief it filed in support of the motion. The

Rule, however, is intended to spare the court from precisely the time consuming task of having to cull the moving papers in order to appreciate a party's compliance with the Rule.

*Crown Cork & Seal Co., Inc. v. Chemed Corp.*, 101 F.R.D. 105, 106 (E.D.Pa.1984).[9] In the absence of such detail, the court is left with the distinct impression that the parties did not "genuinely and in good faith, convene and discuss [the defendant's] discovery needs and the [plaintiff's] concerns...." *Manning v. U.S. Air Group, Inc.*, No. 90–4933, 1990 WL 198117, at *1 (E.D.Pa. Dec. 3, 1990).

Because defendant's discovery motions are not in material compliance with the requirements of the Eastern District Rules 24(b) and (f), they will be denied.

### B. *The Defendant Shall Be Permitted Additional Limited Discovery*

■■■ Ordinarily, failure to comply in material respects with the local rules would provide adequate justification for denying a party's discovery requests. *See, e.g., Manning v. U.S. Air Group, Inc.*, No. 90–4933, 1990 WL 198117 at *1 (E.D.Pa. Dec. 3, 1990); *Myer v. Miriam Collins—Palm Beach Lab. Co. Beauty Products*, No. 85–3457, 1985 WL 3275 (E.D.Pa. Oct. 24, 1985); *Crown Cork & Seal Co., Inc. v. Chemed Corp.*, 101 F.R.D. 105 (E.D.Pa.1984). In this case, however, some mitigating circumstances warrant a more flexible approach. Because of concerns about the impact of discovery excesses on the administration of justice, Congress has declared that "early and on-going" judicial management of the pretrial process, including controlling the extent of and timing for discovery, should be the norm in the federal courts.[10] This approach is in accord with the recommendations of a blue ribbon panel appointed by the Chief Justice of the Supreme Court to study, *inter alia,* ways to avoid delay and expense in federal court litigation. Report of the Federal Courts Study Committee, pp. 99–100 (April 2, 1990) (Judge Joseph F. Weis, Jr., Chairman) (the "Weis Report")

("We encourage ... early judicial involvement to control the pace and cost of litigation....."). "Early and ongoing" judicial guidance, however, has been regrettably absent from this case. While the oversight is understandable, in that through the operation of the random assignment processes of the court, *See* Eastern District Rules 3 and 5, over the past fifteen months this case has been assigned to the docket of five different judges, nevertheless, the consequences have been deleterious both to the parties and the administration of justice. Discovery motions appear to have been filed timely but have been pending for nearly 180 days; no scheduling conferences pursuant to Rule 16 or otherwise appear to have been held; and the discovery cut off and trial dates were set unrealistically early. Under these circumstances, it would be manifestly unjust to impose upon the defendant the full measure of the penalty for results for which it was not wholly responsible.

The Court, however, neither will turn back the clock to March 1992, when the first discovery motion was filed, nor acquiesce to the defendant's request that the court open the doors to discovery in *terra incognita* to the case. Rather than look back, but in order to afford the defendant an opportunity for a "complete exploration" of the plaintiff's claim, *Perkasie Indus. Corp. v. Advance Transformer, Inc.*, 143 F.R.D. 73, 75 (E.D.Pa.1992), "[I] opt for providing the parties with a road map and a clearly marked track on which to litigate [in futuro]." *Capek v. Mendelson*, 143 F.R.D. 97, 100 (E.D.Pa.1992) (declining invitation to engage in micro adjudication of multiple discovery disputes and, instead, implementing a discovery plan to control future discovery). Accordingly, defendant will be permitted to conduct additional lim-

---

**9.** "Virtually all of the federal district courts of the United States have a local rule of civil procedure which is similar to the Eastern District of Pennsylvania Local Rule 24(f)." *Crown Cork & Seal Co., Inc. v. Chemed Corp.*, 101 F.R.D. 105, 106 n. 1 (E.D.Pa.1984).

**10.** 28 U.S.C.A. § 473(a)(2)(C) (1973 & Supp. 1992). *See generally* S.Rep. No. 416, 101st Cong., 2d Sess. (1990), for a discussion of the legislative history of the Civil Justice Reform Act of 1990, which led to the development of a requirement for a civil justice expense and delay reduction plan. The Civil Justice Reform Act of 1990 is the short title for the Judicial Improvements Act of 1990, Pub.L. No. 101–650 (1990), codified at 28 U.S.C.A. §§ 471–482 (1973 & Supp.1992).

ited discovery, in conformity with procedure set forth in the Case Management Order. Under the terms of the Case Management Order the parties are to attempt resolution of any discovery disputes, *inter se*, prior to seeking judicial intervention.

All discovery is to be completed by December 1, 1992, and the case shall be specially listed for trial to commence on January 15, 1993. A copy of the Case Management Order entered on October 26, 1992 is attached to this memorandum.

## APPENDIX

In the United States District Court

for the Eastern District of Pennsylvania

TARKETT, INC.,

v.

CONGOLEUM CORP.

Civil Action

No. 91–CV–4830

### CASE MANAGEMENT ORDER

AND NOW, this 26th day of October, upon consideration of defendant's motion under Fed.R.Civ.P. 37(a) for an order compelling testimony and for sanctions (Document No. 43), memorandum by plaintiff in opposition (Document No. 46), defendant's reply thereto (Document No. 47), defendant's motion to compel discovery under Fed.R.Civ.P. 37 (Document no. 49), plaintiff's memorandum in opposition (Document No. 52), defendant's reply memorandum (Document No. 54), plaintiff's surreply brief to correct material misrepresentations in defendant's reply brief (Document No. 57), defendant's answer to plaintiff's surreply brief (Document No. 58), defendant's motion under Fed.R.Civ.P. 16(b) to amend the scheduling order and for enlargement of the time set for the completion of discovery (Document No. 51), plaintiff's memorandum in opposition to defendant's motion to amend the scheduling order (Document No. 53), and after hearing, it is ORDERED that:

1. The Order of July 9, 1992 (Document No. 48), concerning scheduling of the trial date and discovery deadline is VACATED;

2. It is further ORDERED that defendant's motion under Fed.R.Civ.P. 37(a) for an order compelling testimony and for sanctions (Document No. 43) is DENIED;

3. It is further ORDERED defendant's motion to compel discovery under Fed. R.Civ.P. 37 (Document No. 49) is DENIED;

4. It is further ORDERED that defendant's motion under Fed.R.Civ.P. 16(b) to amend the scheduling order and for enlargement of the time set for the completion of discovery (Document No. 51) is DENIED;

5. Defendant's motions are not in compliance with the requirements of the Local Rules of Civil Procedure. Also, although not reflected in the parties' pleadings, some discovery has taken place in the approximately six months that these motions have been pending, obviating the need for court involvement. Therefore, defendant is granted leave to resubmit any discovery requests already propounded by defendant in accordance with the following procedure:

a. By 5:00 p.m. on November 2, 1992, defendant shall serve plaintiff with a schedule of documents sought, describing with specificity the categories of documents sought and the period of time for which discovery is sought. Each category of documents sought shall be listed in single-spaced form on a separate piece of paper. Below each category of documents sought, defendant shall state briefly the purpose for the discovery. A single best pinpoint citation to authority supporting the position of the party seeking discovery may be included. Each category of documents shall be numbered consecutively. By November 12, 1992, the plaintiff may object to the production of any document or category of documents in part or in total. Each objection shall be made on the same page as the request, in double-spaced form immediately below the request, and shall state the grounds for the objection with specificity. General objections such as "overly broad" and "unduly burdensome", in the absence of specific basis, will not be

considered adequate. A single best pinpoint citation to authority supporting the objection may be included. By November 17, 1992, the parties shall meet and confer in order to resolve their disputes. If after conference a dispute still remains, the matter will be submitted promptly by the requesting party to the court for adjudication in the form provided for above;

b. A schedule of depositions shall be developed as follows: By November 17, 1992, defendant shall serve on plaintiff a schedule of natural persons or entities (the "Deposition Schedule Request") it wishes to depose concerning matters which are the subject of current discovery requests, including those individuals who were already deposed but as to whom there are pending objections to certain questions. By November 22, 1992, plaintiff may object to the taking of any depositions in the Deposition Schedule Request or to answering any specific question by stating the specific objection. By November 30, 1992, the parties shall meet and confer to resolve any disputes. If a dispute still remains, the matter will be submitted to the court for adjudication;

c. Interrogatories, *previously propounded but yet unanswered* may be resubmitted to plaintiff in the format described in paragraph "b" above, i.e., one interrogatory per page, single spaced, with the single best authority. The interrogatories shall be served by 5:00 p.m. on November 2, 1992. By November 12, 1992, the plaintiff may object to answering any interrogatory in the manner described in paragraph "b" above. By November 17, 1992, the parties shall meet and confer in order to resolve their disputes. If a dispute still remains, the matter will be submitted to the court for prompt adjudication;

6. To the extent either party has not done so, the parties shall identify all documents responsive to discovery requests but withheld due to assertion of privilege and shall serve a schedule of such documents upon the opposing party by November 2, 1992. The type of document (i.e. letter, memorandum), the date, the originator, the specified recipient, and the privilege claimed shall be set forth with particularity. Pinpoint citation to the single best authority supporting the privilege asserted may be included. Failure to identify a responsive document will be a violation of this order subjecting counsel and parties to appropriate sanctions;

7. To the extent that there are outstanding discovery requests by plaintiff, they shall be responded to in conformity with the procedure set forth in this Order;

8. Experts' reports and curriculum vitae, respectively, shall be exchanged by December 1, 1992;

9. All discovery shall be completed and trial exhibits shall be exchanged by December 1, 1992;

10. A joint pretrial memorandum pursuant to Local Civil Rule 21(c), proposed jury instructions, jury questionnaires, special interrogatories and verdict forms, and motions in limine shall be filed (with a copy delivered to Chambers) by December 23, 1992;

11. A final pretrial conference shall be held January 4, 1993;

12. This case shall be specially listed for trial on January 15, 1993;

13. Plaintiff's counsel shall advise the court promptly of settlement of the case.

IT IS SO ORDERED.

/s/Eduardo C. Robreno
EDUARDO C. ROBRENO, J.