**Lynn MARTIN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**COOPER PLUMBING AND HEATING, INC., a corporation, and Lou Cooper, Geraldine Cooper and Terry Cooper Maggines, individually and as corporate officers, Defendants.**

Civ. A. No. 92–CV–3343.

United States District Court, E.D. Pennsylvania.

Dec. 14, 1992.

Susan M. Jordan, U.S. Dept. of Labor, Philadelphia, PA, for plaintiff.

Richard Hale Pratt, Pratt Brett Thome & Lyons, Doylestown, PA, for defendants.

### MEMORANDUM

ROBRENO, District Judge.

Before the Court is the parties' Joint Motion to Amend the Pretrial Scheduling Order ("Joint Motion") so as to extend all the scheduling deadlines including trial and discovery by 60 days. For the reasons set forth below, the Joint Motion will be denied.

### I. FACTS

This case involves a straightforward claim by the U.S. Department of Labor (the "Department") pursuant to the Fair Labor Standards Act (the "Act"). 29 U.S.C. § 201 *et seq.* The Department alleges that defendants have failed to provide overtime pay as required by the Act, and have failed to keep employee records of the type required to be kept by the Act. The defendants are a small plumbing and heating supply contractor and its officers. The Department's claim covers ten to twenty employees.

The case was filed on June 8, 1992 and was initially assigned to the Honorable James McGirr Kelly. On July 28, 1992, Judge Kelly issued a Report of Preliminary Pretrial Conference and Scheduling Order setting various deadlines for the conduct of this relatively simple matter, including a discovery cut-off date of December 31, 1992, and a trial pool date of February 1, 1993. In the pretrial submission made by counsel before the issuance by Judge Kelly of the Scheduling Order, *both* counsel estimated that the case would be ready for trial in December, 1992. The defendants did not file an answer until August 31, 1992, the deadline for doing so having been twice extended by agreement of the parties.

The case was reassigned to my calendar on August 20, 1992. On September 2, 1992, upon notice, I held a scheduling conference over the telephone pursuant to Fed.R.Civ.P. 16(a), (b) and (c). As directed by the court, prior to the conference, defendants' counsel submitted an Initial Pretrial Conference Information Report indicating that he estimated that discovery would be completed by December 31, 1992. The Department did not submit an Initial Pretrial Conference Information Report and at the conference it did not indicate the need for additional time to complete discovery. As of the date I held the pretrial conference, the parties had taken no discovery.

The parties now request an extension of the discovery deadline by sixty days and "comparable 60 day extensions for the other deadlines established by the Pretrial Scheduling Order." (Joint Motion ¶ 3). The parties claim they "have served detailed discovery requests. Responses are due in early December. Counsel for both parties are in the process of mutually scheduling depositions of a number of witnesses. Counsel for the defendants intends to depose the Wage Hour Investigator and ten to twenty employees." (Joint Motion ¶ 1). The parties do not detail what, if anything, they have done to take discovery so far except to say that "detailed discovery requests" have been served to which answers are presumably outstanding. (Joint Motion ¶ 1).

### II. DISCUSSION

While the discovery extension request appears to be modest, it implicates important issues concerning the public interest in

the early and inexpensive resolution of civil litigation.

Congress has declared that "early and ongoing" judicial management of the pretrial process, including controlling the extent of and timing of discovery, should be the norm in the federal courts. *Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 282, 286 (E.D.Pa.1992) (citing 28 U.S.C. § 473(a)(2)(C)) ("Civil Justice Reform Act of 1990").[1] The congressional mandate is in accord with the recommendation of a blue ribbon panel appointed by the Chief Justice of the Supreme Court to study, *inter alia*, ways to avoid delay and expense in federal court litigation. *See Report of the Federal Courts Study Committee*, at pp. 99–100 (April 2, 1990) (Judge Joseph F. Weis, Chairman) (the "Weis Report"). The executive branch has now also joined in the effort to save delay and expense in federal court litigation. Exec.Order No. 12,778, 56 Fed.Reg. 55,195 (1991) (directing efforts to streamline and expedite discovery by federal agency lawyers).

Scarce resources of the court have been allocated to this case to insure that the parties benefitted from active and early judicial management of the pretrial process. *See, e.g., Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 282, 286 (E.D.Pa.1992) (failure to provide early and ongoing judicial supervision had deleterious effect both on the parties and the administration of justice). Specifically, the court held a telephone scheduling conference with counsel to discuss the timing and need for discovery, issued *two* scheduling orders setting forth reasonable and agreed upon discovery deadlines, and from the outset provided the parties an "early and fixed" trial date. *Report of the Advisory Group of the United States District Court for the Eastern District of Pennsylvania Appointed Under the Civil Justice Reform Act of 1990*, at p. 66 (1991) ("The single most effective tool in resolving cases and resolving them quickly is a firm trial date set relatively promptly after the complaint is filed.").

The parties have chosen to disregard these judicial efforts and, instead, have proceeded at their own pace. While the Joint Motion outlines counsel's aspirational goals for discovery ("counsel for defendants *intends* to depose the Wage Hour Investigator and ten to twenty employees") (Joint Motion ¶ 1) (emphasis added), it is silent as to why little discovery has been conducted so far. Moreover, the rationale offered by the parties for the need for an extension, i.e., "vacation schedules of defendants and other witnesses, the trial schedule of counsel and *the holiday season*," (Joint Motion at ¶ 2) (emphasis added), is not compelling in that all of the conditions complained of by counsel were clearly foreseeable.

"A road map will not work if the drivers are unwilling to look at the sign posts." *Capek v. Mendelson*, 143 F.R.D. 97, 100 (E.D.Pa.1992) (denying extensive discovery motion and implementing a detailed, case management order controlling future deadlines in the case). Nor will judicial management of the pretrial process advance the goals of a just, speedy, and inexpensive adjudication of civil litigation if the parties disregard, without good cause, court imposed litigation deadlines. Since the parties have ignored the terms of the Scheduling Order and have offered no persuasive reason as to why the deadlines should be extended, their joint request will be denied.

**1.** *See generally* S.Rep. No. 416, 101st Cong., 2d Sess. (1990), for a discussion of the legislative history of the Civil Justice Reform Act of 1990, which led to the development of a requirement for a civil justice expense and delay reduction plan. The Civil Justice Reform Act of 1990 is the short title for the Judicial Improvements Act of 1990, Pub.L. No. 101–650 (1990), codified at 28 U.S.C.A. §§ 471–482 (1973 & Supp.1992).