**118**

NEVADA POWER COMPANY, Plaintiff,

v.

MONSANTO COMPANY, General Electric Company and Westinghouse Electric Corp., Defendants.

No. CV–S–89–555–LDG (LRL).

United States District Court,
D. Nevada.

Sept. 20, 1993.

Paul E. Merrell, Tidewater, OR, for plaintiff Nevada Power Co.

John L. Thorndal, Las Vegas, NV, for defendants Monsanto Co. and Westinghouse Co.

Bruce Alverson, Las Vegas, NV, for defendant Gen. Elec. Co.

## AMENDED ORDER

LEAVITT, United States Magistrate Judge.

In the 1960's and 1970's, Defendants General Electric and Westinghouse Electric sold to Plaintiff certain electrical equipment containing polychlorinated biphenyls (PCBs) which had been produced by Defendant Monsanto. In this action Plaintiff claims that Defendants were aware of the health and environmental dangers of PCBs at the time Plaintiff purchased the electrical equipment, yet failed to inform Plaintiff of those dangers. Plaintiff seeks recovery of the cost of complying with Environmental Protection Agency regulations mandating the replace-ment of some of the PCB-laden electrical equipment.

The parties have engaged in lengthy discovery, which has generated numerous disputes. The dispute presently before the Court arises out of Defendants' refusal to produce documents under claims of attorney/client privilege and the work product doctrine. Plaintiff has filed a Motion to Compel Production of Purportedly Privileged Documents (# 256), in which Plaintiff contends that because Defendants have asserted only general, unsubstantiated objections to Plaintiff's discovery requests, they have waived their claims of privilege.

## PROCEDURAL BACKGROUND

On September 2 and 11, 1992, Plaintiff propounded interrogatories, requests for admission and requests for production of documents on all Defendants. Defendants asserted general privilege objections and withheld some 350 purportedly privileged documents.[1]

Local Rule of Practice 190–1(f)(2) for the United States District Court for the District of Nevada provides:

> Discovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve the matter.

Pursuant to the Rule's "meet and confer" requirement, the parties met on November 23, 1992, to discuss outstanding discovery disputes. Paul E. Merrell, counsel for Plaintiff, claims he informed Defendants' counsel at the meeting that Defendants' general privilege objections were legally insufficient because they did not adequately identify those documents Defendants sought to withhold from discovery. Defendants' counsel promised to look into the matter and report back

---

1. As an example, Defendant Monsanto's Response to Plaintiff's Request for Production of Documents and Things states, in the section entitled "General Objections and Limitations," that

1. Monsanto objects to any and all requests for production of documents to the extent that they seek the production of documents protected from discovery by any privilege including the attorney-client privilege and/or the work product privilege. No such privileged or protected document will be produced or disclosed....

\* \* \* \* \* \*

10. These "General Objections and Limitations" are applicable to and incorporated in each of Monsanto's responses, *infra,* as if specifically set forth therein....

to Merrell, but did not do so. When he didn't hear from Defendants' counsel for almost two months, Plaintiff's counsel filed the instant motion.

## DISCUSSION

Plaintiff's principal contention is that Defendants have waived their claims of privilege by failing timely to provide Plaintiff with privilege logs or affidavits in support of their general privilege objections. It is uncontroverted that Defendants didn't produce privilege logs until February 12, 1993, the same day on which they filed their Opposition to Plaintiff's motion.[2]

### 1. *Parties' Duty Meaningfully to Meet and Confer*

Local Rule 190-1(f)(2) expressly requires that a discovery motion be accompanied by an affidavit of moving counsel "certifying that, after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve [their dispute]." The purpose of this rule is simple: to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extrajudicial resolution of discovery disputes.[3] *Tarkett, Inc. v. Congoleum Corp.,* 144 F.R.D. 282, 285–86 (E.D.Pa.1992); *Dondi Properties Corp. v. Commerce Savings & Loan Assoc. et al.,* 121 F.R.D. 284, 289 (N.D.Tex.1988) ("[t]he purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought").

Inherent in Rule 190–1(f)(2)'s language, and essential to the Rule's proper operation, is the requirement that parties treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes. *See Tarkett,* 144 F.R.D. at 285. *See also Dondi,* 121 F.R.D. at 289 (noting that "in many instances the conference requirement seems to have evolved into a pro forma matter"). To that end, the parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter. Further, to ensure that the parties have made every effort to reach a "satisfactory resolution," judicial intervention should be considered appropriate only when (1) informal negotiations have reached an impasse on the substantive issue in dispute, or (2) one party has acted in bad faith, either by refusing to engage in negotiations altogether or by refusing to provide specific support for its claims of privilege. *See Crown Cork & Seal, Co., Inc. v. Chemed Corp.,* 101 F.R.D. 105, 106–7 (E.D.Pa.1984) (discovery disputes should not be referred to the court unless such serious differences exist between counsel that further efforts at negotiation are pointless, or a court ruling is required on a disputed issue of law).

In the instant case, Plaintiff's Motion to Compel was accompanied by counsel Merrell's affidavit that, "after personal consultation and sincere effort," the parties were unable to resolve the privilege issue. However, by Merrell's own admission, the parties' "sincere efforts" to resolve their dispute consisted entirely of a single discussion during the November 23, 1992 meeting, at which time it was agreed only that Defendants would "look into" the matter and contact Plaintiff. At no time prior to the filing of Plaintiff's motion did Defendants inform Plaintiff of the nature of the documents they were withholding under claim of privilege, or present Plaintiff with a specific basis for their claims of privilege. Nor did Plaintiff expressly request privilege logs from any of

---

**2.** Defendants have not submitted affidavits in support of their claims of privilege. However, this Court does not ordinarily require such affidavits.

**3.** In this manner the Local Rule furthers the policy of Federal Rule of Civil Procedure 1, which encourages "the just, speedy, and inexpensive determination of every action."

the defendants.[4] In short, no party pursued the matter after the November 23, 1992 meeting, and no substantive discussions were ever conducted on the privilege issue. Given the dearth of meaningful dialogue on the privilege issue, it is apparent that, contrary to the averments of Plaintiff's counsel, the parties have not even begun to make a "sincere effort" to resolve the privilege dispute amongst themselves.

### 2. *Production of Privilege Logs*

 The issue, then, is what constitutes compliance with the mandate of Rule 190–1(f)(2) where the discovery dispute in question involves the withholding of documents on the basis of privilege. As stated above, a meaningful discussion under Rule 190–1(f)(2) is one in which the parties truly air their respective positions. This requires that the objecting party offer such factual support for its position as will allow the party seeking discovery to make an informed evaluation of the claim with respect to each document. *See Eureka Financial Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 183 (E.D.Cal. 1991) (party claiming privilege must provide party seeking discovery with the basis for contesting the claim). The most meaningful way to accomplish this is through the production of a detailed privilege log. The Court therefore holds that where documents are withheld on the basis of privilege, the party seeking discovery must, in order to meet the requirements of Rule 190–1(f)(2), be given an opportunity to review a detailed privilege log with respect to each withheld document.[5] The privilege logs must be produced reasonably promptly following the completion of document production. If they are not, the party seeking discovery must, as a condition of seeking relief from this Court, demand their production. No discovery motion will be entertained by this Court until such demand has been made. The objecting party's refusal to produce the privilege logs upon demand will constitute sanctionable conduct.

Not only will the early production of detailed privilege logs foster informal resolution of discovery disputes, it will reduce the number of baseless privilege claims asserted in the first place. As noted in *Eureka Financial Corp., supra:*

> All too often, the blanket privilege is asserted by counsel who have not carefully reviewed the pertinent documents for privilege. In an abundance of caution, counsel withholds documents that are not privileged, thus defeating the full and fair information disclosure that discovery requires.

136 F.R.D. at 183 n. 9. By forcing a party to justify its privilege objections shortly after it asserts them, counsel will be required to review documents carefully before withholding them.

 Here, Defendants did not produce privilege logs until after Plaintiff had filed its Motion to Compel. Equally importantly, Plaintiff filed the instant motion without first demanding production of the logs. Hence, meaningful attempts to resolve the dispute informally as required by Rule 190–1(f)(2) were foreclosed. Moreover, this Court has been given no reasonable assurance that Defendants carefully considered the merits of their privilege claims before asserting them. Of the three defendants, only Monsanto has

---

**4.** Defendants have submitted the affidavit of Peggy Leen, counsel for Westinghouse Electric Corporation and Monsanto Company, in which Leen states that she has reviewed all relevant correspondence files and personal notes of communications with Plaintiff's counsel, and has been unable to find any evidence that Plaintiff's counsel ever requested a privilege log from Defendants. Leen further states that "at no time during this November 23, 1992 meeting among counsel did counsel for plaintiff request production of a privilege log from defendants." These statements are unchallenged by Plaintiff.

**5.** The privilege logs must be sufficiently detailed to allow informed evaluation of the objecting party's claims. To that end, this Court will require that privilege logs separately identify each document withheld under claim of privilege, and set forth for each document (1) its type (i.e., letter, memo, notes, etc.), (2) its author, (3) its intended recipients, (4) the names of any other individuals with access to the document, (5) the date of the document, (6) the nature of the claimed privilege (i.e., attorney-client, work-product, etc.), and (7) a brief summary of the subject matter of the document. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992); *Allendate Mutual Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 88 (N.D.Ill.1992); *Kansas–Nebraska Natural Gas v. Marathon Oil Co.*, 109 F.R.D. 12, 24 (D.Neb.1985).

produced a privilege log satisfying this Court's criteria for specificity and detail.[6] Accordingly, this matter is not ripe for consideration.

For the reasons stated above, and with good cause appearing,

IT IS ORDERED that Plaintiff's Motion to Compel (# 256) is denied without prejudice.

---

6. General Electric's log does not provide the names of intended recipients and others with access to the document, nor does it identify the documents or their subject matter with a reasonable degree of specificity. Westinghouse's log fails to identify those individuals, other than intended recipients, with access to the document.