**AGOSTINO FERRARI, S.p.A., Plaintiff,**

v.

**Carmen ANTONACCI, Ferrari Intech Corp., and RTA Corp., Defendants.**

Civ. A. No. 93–1809.

United States District Court, E.D. Pennsylvania.

July 26, 1994.

Thomas E. Groshens, Ballard, Spahr, Andrews and Ingersoll, Mark A. Nation, J. Shane Creamer, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, PA, for plaintiff.

Thomas C. Zielinski, Cozen & O'Connor, Joseph P. Fenlin, Philadelphia, PA, for defendant.

### ORDER–MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

AND NOW, this 26th day of July, 1994, upon consideration of the plaintiff's motion to amend its complaint (Doc. No. 23), the defendants' response thereto and motion to dismiss for lack of subject matter jurisdiction (Doc. No. 24), and the plaintiff's motion for continuance (Doc. No. 25), and after a final pretrial conference in this matter, it appearing that the Court is without subject matter jurisdiction, it is hereby **ORDERED** that the motion to amend is **DENIED,** the motion to dismiss is **GRANTED,** and the motion for continuance is **DENIED AS MOOT,** for the following reasons:

1. The plaintiff Agostino Ferrari, S.p.A., ("Ferrari") filed suit in April of 1993 against Carmen Antonacci, Ferrari Intech Corp., ("Intech") and RTA Corp., alleging various state law causes of action. The essence of Ferrari's claims was that Antonacci breached an agreement reached between him and Ferrari for the creation of a U.S. distributor for Ferrari's products. Ferrari alleged that it was an Italian corporation, that Antonacci was an Italian national residing in Pennsylvania, and that Intech and RTA were Pennsylvania corporations. The jurisdiction of this Court was predicated upon diversity of citizenship, 28 U.S.C. § 1332(a). *See* Complaint ¶¶ 1–5.

2. At a final pretrial conference on July 13, 1994, with trial contemplated in early August, counsel for plaintiff indicated for the first time that there was a question concerning the Court's subject matter jurisdiction. Counsel brought to the Court's attention Antonacci's Canadian citizenship, which counsel noted renders the parties nondiverse, since aliens are on both sides and Antonacci is not a permanent resident alien. *See Singh v.*

*Daimler–Benz AG,* 9 F.3d 303, 305–06 (3d Cir.1993) (holding that 1988 amendment to the diversity statute allows a suit in diversity between an alien and a permanent resident alien); *cf. Field v. Volkswagenwerk AG,* 626 F.2d 293, 296 (3d Cir.1980) (holding that the presence of aliens on both sides of a dispute destroys diversity). It is uncontested that defendants' answer specifically alleges that Antonacci is a Canadian citizen, and that Antonacci confirmed this fact at his deposition on April 14, 1994, and stated that he was not a permanent resident alien of the United States.

3. The Court agrees that it has no jurisdiction in this case. Ferrari is an Italian corporation and Antonacci is a Canadian national who is not a permanent resident alien. It is well-settled precedent that the Court may not entertain a suit in diversity between two aliens, *see Hodgson v. Bowerbank,* 9 U.S. (5 Cranch) 303, 304, 3 L.Ed. 108 (1809); *Mossman v. Higginson,* 4 U.S. (4 Dall.) 12, 14, 1 L.Ed. 720 (1800); 13B Charles A. Wright et al., *Federal Practice and Procedure: Jurisdiction* § 3604 (2d ed. 1984 & Supp.1994). Although in 1988 Congress amended the diversity statute to allow a suit between an alien and a permanent resident alien, *see Singh,* 9 F.3d at 306, the amendment is inapposite here, since Antonacci is not a permanent resident alien.

4. Faced with the impending dismissal of its action for lack of subject matter jurisdiction, plaintiff now seeks leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a) to state a claim under RICO, which would provide the Court with federal question jurisdiction under 28 U.S.C. § 1331. Defendants counter argument is two-fold. As a threshold matter, they argue that because the Court has no subject matter jurisdiction, and has had none since the inception of the case due to the nondiversity of the parties, the Court cannot consider the merits of the proposed motion to amend, and should straightforwardly dismiss for lack of subject matter jurisdiction. Secondly, they contest the merits of the motion for leave to amend.

5. As to whether the Court has jurisdiction to hear the motion for leave to

amend, the Court disagrees with the defendants. In *Berkshire Fashions, Inc. v. The M.V. Hakusan II,* the district court dismissed plaintiff's claim in admiralty for lack of subject matter jurisdiction, and then denied plaintiff's motion to amend its complaint and allege diversity jurisdiction. *See* 954 F.2d 874, 877 (3d Cir.1992). In reversing the denial of the motion for leave to amend, the Third Circuit Court of Appeals rejected the contention that a basis of jurisdiction was somehow waived if not asserted at the inception of the suit:

> Presumably the district court believed that, at least in this case, [plaintiff's] failure to assert diversity as a basis for jurisdiction in its original complaint precluded [plaintiff] from ever asserting diversity as a basis for subject matter jurisdiction.

> We know of no absolute prohibition against asserting another basis for jurisdiction in an amendment to a pleading, providing that such jurisdiction would have existed at the time the complaint was originally filed....

> ... In sum, nothing prevents a district court from granting a party leave to amend its complaint to assert a new basis for subject matter jurisdiction....

954 F.2d at 887. In light of *Berkshire,* it is clear that a party may amend its pleading to state a different jurisdictional basis, and a trial court has jurisdiction to rule on the request for leave to amend.

■ 6. Turning to the merits of the motion to amend, the Court recognizes that leave to amend should usually be freely granted, unless there is a showing of "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure the deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "The Third Circuit has interpreted these factors to emphasize that prejudice to the non-moving party is the touchstone for the denial of a request for leave to amend." *Tarkett Inc. v. Congoleum Corp.,* 144 F.R.D. 289, 290 (E.D.Pa.1992) (citing *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir.1989)). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir.1993).

■ 7. Defendants challenge the motion for leave to amend on all counts, claiming bad faith, undue delay, dilatory motive, undue prejudice, and futility of amendment. The Court agrees that the motion suffers from undue delay and futility of amendment, and will deny plaintiff's request for leave to amend.

8. In its complaint, filed in April of 1993, plaintiff alleged that Antonacci was an alien, i.e., an Italian national, an allegation that was confirmed in defendants' answer, filed in August of that year. On its face, then, devoid of an allegation of permanent residence, the plaintiff's complaint failed to properly allege subject matter jurisdiction. Any doubt that may have existed should have been erased when Antonacci was deposed in April of this year, and confirmed that he was not a permanent resident alien. That plaintiff recognized the defect only on July 12, 1994, while preparing for the final pretrial conference, does not help plaintiff's case. At the very latest, plaintiff should reasonably have known of the defect back in April, when Antonacci confirmed his non-permanent status. This undue delay, with no justification offered other than plain oversight, is inexcusable. *See Tarkett,* 144 F.R.D. at 291 (noting that an unexplained undue delay is sufficient to deny a 15(a) motion). Furthermore, it works substantial prejudice on defendants' position. Though plaintiff notes in passing that the defendants will not be prejudiced because they "have been on notice of these facts since the inception of this suit," Pl.'s Br. at 5, it is not the facts alone that dictate the prosecution of a law suit. Based on the cause of action and damages claimed, a party may take very different approaches to the conduct of discovery, the formulation of legal strategy and trial preparation, and the conduct of settlement negotiations. A contract claim is one thing. An allegation of racketeering, with the concomitant exposure to treble damages and attorney's fees, is something else. The prejudice is even greater

given the pejorative nature of a RICO claim, with all of the negative implications of being labeled a racketeering organization. To allow the amendment four weeks before the date of trial would severely prejudice the defendants.[1]

■ 9. Furthermore, delving into the merits of the proposed RICO claim, the Court finds that the proposed amendment is futile. *See Berkshire Fashions,* 954 F.2d at 886; *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.) ("The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss."), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983). As alleged by the plaintiff in the proposed amendment attached to the motion for leave to amend, Antonacci, Intech, and RTA together form the alleged RICO enterprise. Under settled Third Circuit precedent, the defendant in a RICO claim must be distinct from the enterprise. *See Lorenz,* 1 F.3d at 1411–13; *Glessner v. Kenny,* 952 F.2d 702, 710–11 (3d Cir. 1991); *Brittingham v. Mobil Corp.,* 943 F.2d 297, 301–03 (3d Cir.1991); *B.F. Hirsch v. Enright Refining Co.,* 751 F.2d 628, 633 (3d Cir.1984). There are no allegations distinguishing Antonacci, who is the only defendant alleged to have participated in the enterprise's affairs through a pattern of racketeering activity, from the enterprise itself. In fact the allegations of the complaint point to just the opposite conclusion, i.e., that Antonacci and the enterprise are one and the same—Antonacci is the president and apparently the 100% shareholder of both companies, and he is the alter ego of both companies. *See Rolo v. City Investing Co. Liquidating Trust,* 845 F.Supp. 182, 229–30 (D.N.J.1993) (discussing the distinctiveness requirement in the context of a company and its officers and shareholders). Given the futility of allowing the proposed amendment, the Court must deny the motion for leave to amend.[2]

10. Given that the motion for leave to amend is denied, the Court will grant the defendants' motion to dismiss for lack of subject matter jurisdiction, for the reasons herein stated. The motion for continuance is denied as moot.

AND IT IS SO ORDERED.

---

**1.** While reopening discovery may arguably lessen the prejudice, the concomitant lengthening of the litigation would be injurious to the public interest in the "just, speedy, and inexpensive determination" of this action. Fed.R.Civ.P. 1. Essential to such a resolution is the adherence to firm, early deadlines for discovery and trial. *See Martin v. Cooper Plumbing & Heating, Inc.,* 145 F.R.D. 372, 374 (E.D.Pa.1992). To once again mobilize the discovery mechanism in this case, without good cause being shown, would render these deadlines, both in this case and in future cases, pointless.

**2.** The Court does not reach defendants' other arguments concerning the futility of the proposed amendment.