**EXXON CORPORATION, Plaintiff,**

v.

**HALCON SHIPPING CO., LTD., et al., Defendants.**

Civ. No. 91–920(AMW).

United States District Court, D. New Jersey.

May 3, 1994.

Carlin, Maddock, Fay & Cerbone, P.C., Florham Park, NJ.

Patrick J. Conlon, Florham Park, NJ.

Healy & Baillie, Millburn, NJ.

## OPINION

PISANO, United States Magistrate Judge:

### INTRODUCTION

This matter comes before the Court upon the motion of defendant McAllister Towing and Transportation Company, Inc. ("McAllister") for an order striking plaintiff Exxon Corporation's ("Exxon"'s) designation of George Mara as an expert witness, and precluding Mr. Mara from testifying at trial. On April 14, 1994, Exxon filed opposition to McAllister's motion.[1] Oral argument was not heard in this matter, pursuant to Rule 78 of the Federal Rules of Civil Procedure.

### BACKGROUND

The undersigned adopts the background and procedural history of this case as set forth by the Honorable Alfred M. Wolin in his opinion of February 22, 1994. The Court will therefore repeat only those facts pertinent to the instant motion.

On September 29, 1992, the Court ordered that:

Not later than October 30, 1992, Exxon shall serve on defendants copies of the reports of any proposed expert witness. Any such report is to be in the form and

---

1. As the Court drafted this Opinion, numerous submissions have been received. They include: (1) 5/2/94 Letter of Laurence Maddock enclosing Olsson/Chisholm report; (2) 5/2/94 Letter of Andrew Buchsbaum; (3) 5/3/94 Letter of Maddock with enclosures; and (4) 5/3/94 Letter of Andrew Buchsbaum.

content as required by Civil Rule 26(b)(4)(A)(i).

Exxon failed to provide expert reports as ordered. On December 21, 1992, the Court filed an amended Pretrial Scheduling Order which required Exxon to "provide an expert report concerning the damaged pipeline to the defendants no later than January 15, 1993."

Exxon claimed that it was unable to comply with the January 15, 1993 deadline. Over McAllister's objections, the Court extended the expert report deadline to January 22, 1993. Donald Fay, counsel for Exxon, confirmed the extension by letter of January 13, 1993, in which he acknowledged that "no other extensions will be granted."

After Exxon increased its claim from $250,000 to $130,600,000, *see* Opinion of 2/22/94, p. 5 n. 2, the Court entered a further amended Pretrial Scheduling Order on September 13, 1993. The Order required that "Exxon will identify additional experts and provide written reports not later than October 8, 1993." (Order of 9/13/93, ¶ 4). On October 8, 1993, Exxon identified and provided reports from the following experts: Ragnar O. Mattson; James T. Powers; Robert J. Eiber; Steven Pellettier; and Andrew C. Henry.

Subsequent to the disclosure of Exxon's expert reports, Exxon requested another opportunity to inspect the tug MARGARET McALLISTER, the McAllister vessel Exxon alleges damaged its pipeline in the Arthur Kill. Exxon had previously been given leave to inspect the MARGARET McALLISTER in October 1992. Over McAllister's objections, the Court permitted Exxon another opportunity to inspect the MARGARET McALLISTER.

On January 17, 1994, Exxon produced another report by Robert J. Eiber, a metallurgist, which changed an essential theory of its case. Exxon had previously claimed that the MARGARET McALLISTER did not slide along the Exxon pipeline. Mr. Eiber's latest report claimed that the MARGARET McALLISTER slid along the pipeline. As a result of this change in theory, the Court permitted McAllister further discovery regarding Exxon's examination of the pipe. On February 1, 1994, the Court entered an Order of Bifurcation which scheduled the matter through the liability phase of trial. The Order did not provide for the designation of additional expert witnesses.

By letter dated March 25, 1994, Exxon, for the first time indicated its intent to use George Mara, a "naval architect," as an expert witness. By letter dated March 28, 1994, McAllister demanded that Exxon withdraw the designation of Mr. Mara. After Exxon refused to do so, McAllister filed the instant motion on April 5, 1994. Exxon filed opposition on April 14, 1994. McAllister filed a reply letter on April 19, 1994, noting that the trial for the initial liability phase is scheduled for May 23, 1994, and that if the Court permitted the designation of Mr. Mara to stand, McAllister would have to retain, on short notice, a maritime expert to rebut Mr. Mara's testimony. Exxon filed a reply letter on April 20, 1994.

On April 28, 1994, counsel added another dimension to the dispute. Having been granted the opportunity to respond to the "new" opinion of Exxon witness Eiber, McAllister served on April 22, 1994 an amended report from its expert witnesses Douglass Chisholm and D.A. Olsson. In the amended report, McAllister's experts challenge the opinions of Eiber and state the basis for defendant's denial of Exxon's claim. The dispute now is reduced to whether the MARGARET McALLISTER "slid" along the pipeline or whether the pipeline was damaged by a static impact.

In the face of defendant's amended report, Exxon redoubles its effort to designate Mr. Mara as a maritime expert. Exxon has produced yet another report of Mr. Mara dated April 28, 1994 which criticizes the amended Olsson/Chisholm report, and seeks to offer him at trial as a "rebuttal expert witness." As could be expected in what has become a ritual dance, McAllister objects.

## DISCUSSION

■ Rule 16(f), concerning sanctions for violation of scheduling or pretrial orders, provides:

If a party or party's attorney fails to obey a scheduling or pretrial order ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

A magistrate judge has very broad discretion in imposing sanctions pursuant to Rule 16(f). *Roy v. American Professional Marketing, Inc.,* 117 F.R.D. 687, 692 (W.D.Okla.1987). This district has sanctioned the preclusion of witnesses who are untimely designated in violation of court order. *See Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.,* Civ. No. 90–2370, 1992 WL 88122 (D.N.J. March 16, 1992) (affirming magistrate's order precluding testimony of witnesses named after deadline set forth in magistrate's scheduling order).

■ The Court is aware that the preclusion of a witness is an extraordinary sanction. This is so because a trial is intended to be a search for the truth, and the finder of fact should have the benefit of all testimony which may bear upon the issues being litigated. Particularly in a bench trial, in which the trial judge can sift through testimony in order to protect against the potential for prejudice to a party, preclusion of a witness should be exercised with caution.

■ In counterpoint, case management orders have a purpose in addition to scheduling the matter for trial. The parties are entitled to some certainty as to their preparation for trial, and if newly-designated experts were permitted to enter upon the scene without limitation the need for discovery could be endless.

The Court has previously extended the deadline for designation of expert witnesses more than once to accommodate Exxon. At the time it designated Mr. Mara as a mari-time witness, Exxon was well aware that the deadline for such designation had long past. In the face of the May 23, 1994 trial date, Exxon's attempt to name Mr. Mara as an expert witness is untimely, prejudicial to McAllister, and in clear violation of the Court's scheduling orders.

In order to avoid being further drawn into this maelstrom of dispute, I have read the newest Mara offering to ascertain its basic theme. It is a report which supports the Eiber theory of the MARGARET McALLISTER slide, first stated many months ago. Exxon bears the burden of proof, and has always known that the central factual issue is the cause of the pipe's failure. Notwithstanding Exxon's characterization of Mr. Mara as a "rebuttal expert," his report is of a direct nature. Having never offered Mr. Mara within the established time limits, I decline to permit this attempt to circumvent the terms of the case management orders.

Any prejudice of which Exxon complains is overcome by virtue of the fact that I will permit Exxon to take the depositions of McAllister's experts. Of course, those experts will also be subject to cross-examination at trial.

Therefore, pursuant to Rule 16(f), the Court precludes Exxon from calling Mr. Mara as a witness in the liability phase of the trial. The Court denies, without prejudice, McAllister's motion to preclude Mr. Mara from testifying in the trial on damages.

## CONCLUSION

McAllister's motion to preclude the testimony of Mr. Mara is granted as to the trial on liability and denied, without prejudice, as to the trial on damages.