Danron GIBSON, a minor, by his parent and natural guardian Danier GIBSON, and Danier Gibson in her own right, Plaintiffs,

v.

THE NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak, Defendant.

No. CIV. A. 96–5430.

United States District Court, E.D. Pennsylvania.

Nov. 4, 1997.

Thomas J. Duffy, John Mirabella, Duffy and Quinn, Philadelphia, PA, for Plaintiffs.

Paul F. X. Gallagher, Joseph J. McAlee, Gallagher, Reilly & Lachat, P.C., Philadelphia, PA, for Defendant.

## MEMORANDUM

JOYNER, District Judge.

Presently before the Court is a motion by defendant, The National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak" or "Defendant"), to permit the testimony of Mona Goldman Yudkoff, R.N., MPH, CRRN, a proposed damages expert whose report was produced after the discovery deadline. Also before this Court is a motion by plaintiffs, Danron Gibson and Danier Gibson ("Gibson" or "Plaintiffs"), to preclude defendant's expert, Mona Goldman Yudkoff, from testifying at trial. For the following reasons, defendant's motion is denied and plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs filed a claim against Amtrak for severe personal injury sustained by Danron Gibson, a minor, in an electrical incident that occurred on Amtrak's property. This Court entered a scheduling order on December 16, 1996, which set a discovery deadline of March 28, 1997. This original order set forth an April 7, 1997 deadline for plaintiffs' expert reports and an April 14, 1997 deadline for defendant's expert reports. Thereafter the parties entered a joint stipulation requesting extension of all deadlines in the scheduling order. As a result, this Court issued an amended scheduling order on March 11, 1997, which set a deadline of June 7, 1997 for plaintiffs' expert reports and June 14, 1997 for defendant's expert reports.

On April 23, 1997 defendant made a motion requesting another extension of the scheduling order deadlines and a continuance of trial. On May 7, 1997 this Court granted defendant's motion, which extended all of the deadlines in the March 11, 1997 scheduling order by 46 days. According to this new extension, plaintiffs' expert reports were due on July 23, 1997; and defendant's expert

reports were due on July 30, 1997. Plaintiffs presented their expert reports to the defendant on July 23, 1997 in compliance with the extension. However, defendant did not comply with this deadline. Instead defendant received an extension from plaintiffs' counsel to have the reports to plaintiffs by August 18, 1997. Plaintiffs allowed this extension without seeking court intervention. Once again, however, defendant did not meet the deadline.

As a result, on August 26, 1997, plaintiffs filed a Motion to Preclude the defendant's expert reports. This Court denied that motion as it appeared to the Court that, subsequent to the filing of the motion, defendant had complied with the discovery obligations.

However, approximately 10 days after this Court's order was entered, Defendant forwarded yet another expert report to plaintiffs from a previously unidentified expert. It is this final expert report which is presently at issue.

## DISCUSSION

 District courts have discretion over supervision of the discovery process. *Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 282, 284 (E.D.Pa.1992). In an effort to direct the progression of discovery, the courts utilize pre-trial scheduling orders. Fed.R.Civ.P. 16(e). These pre-trial orders are not meant to be "a straight jacket restricting complete exploration of a party's claims." *Perkasie Industries, Corp. v. Advance Transformer, Inc.*, 143 F.R.D. 73, 75 (E.D.Pa.1992). However, they are "important tool[s]" for the court's management of cases. *Id.* Further they give the parties "some certainty as to their preparation for trial." *Exxon Corp. v. Halcon Shipping Co. Ltd.*, 156 F.R.D. 586, 588 (D.N.J.1994). The court has the ability to preclude witnesses when parties fail to obey a scheduling or pre-trial order. Fed. R.Civ.P. 16(f). This ability is "essential to avoid unnecessary expense or delay." *Perkasie Industries*, 143 F.R.D. at 75.

 The exclusion of witnesses is an extreme sanction, however, which is not normally imposed absent a showing of willful or flagrant violation of court orders. *Meyers v.*

*Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 905 (3d Cir.1977) (*overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985)). The Third Circuit has identified the following four factors to consider when determining whether to preclude a witness from testifying:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases of the court, and (4) the bad faith or willfulness in failing to comply with the district court's order.

*Id.* at 904–05. The importance of the excluded testimony is an important final consideration. *Id.*

Defendant argues that the damages expert, Mona Goldman Yudkoff, should be allowed to testify because defendant was "surprised" that plaintiffs were calling an expert to testify concerning future rehabilitative care. Due to this surprise, Defendant argues that it did not have time to retain an expert by the July 30, 1997 deadline. Further, Defendant argues that due to the discrepancy in estimated costs for future care between its expert and the plaintiffs' expert, it will be unfairly prejudiced if its expert is not allowed to testify at trial.

Plaintiffs argue that to allow defendant's expert to testify will prejudice them because due to defendant's dilatoriness, defendant will have had 141 days to produce this expert report, whereas plaintiffs only had 77 days to produce their expert reports. Plaintiffs claim that this prejudice cannot be cured; a grant of additional time would not cure the fact that plaintiffs had less time to retain experts and to have those experts complete their reports. Plaintiffs acknowledge that allowing this witness to testify would not disrupt the trial of the case. However, Plaintiffs argue that defendant's behavior amounts to bad faith and willfulness in ignoring this Court's orders to the point that it is as if plaintiffs and defendant are operating under different scheduling orders. We agree.

█ The history of the discovery process in this case evidences the defendant's "flagrant disregard" of the scheduling orders of this Court and of the discovery process as outlined in the Federal Rules of Civil Procedure. Defendant's disregard for the Court's orders has caused the expenditure of great judicial resources. In fact, this is the sixth motion filed by plaintiffs in an effort to obtain discovery they are entitled to under Rule 26. *See* (Pl.'s Mem. at 3–6 (outlining the motions filed thus far)). The facts demonstrate that defendant has a practice of not complying with discovery obligations until plaintiffs seek court intervention.

For example, defendant's expert reports were due on July 30, 1997. However, defendant did not request an extension from this Court when they could not meet the deadline. Defendant received an extension from plaintiffs' attorney, but defendant did not seek the extension. Rather, defendant asked for the extension on August 12, 1997 when plaintiffs' attorney called to find out where the reports were. Defendant ignored the deadline in plaintiffs' extension as well and did not forward the reports until plaintiffs sought intervention from this Court in the form of a Motion to Preclude the expert witnesses.

Further, when defendant responded to plaintiffs' August 26, 1997, Motion to Preclude the expert witnesses, defendant represented to this Court that *all* of the reports had been forwarded to plaintiffs. This Court relied upon that representation in denying plaintiff's motion. Nonetheless, ten (10) days after this Court entered the order denying plaintiffs' motion, defendant forwarded yet another report: the report of Mona Goldman Yudkoff. Defendant never indicated in responding to this Court that there would be another report forthcoming.

Moreover, defendant's excuse for not tendering the report sooner was that it was surprised that plaintiffs had obtained an expert to calculate the minor plaintiff's future medical costs. Due to this "surprise," defendant had not obtained, and was not sure it could obtain, an expert to testify concerning the continuing life care costs of the minor plaintiff. We agree with plaintiffs that, in a case such as this, defendant was, or should

have been, well aware that plaintiffs would request damages for future care costs. In fact, the complaint indicates that the minor plaintiff would require future medical treatment. Further, plaintiffs' answers to interrogatories on November 8, 1996 suggested that future medicals were part of the claim, and at least one of plaintiffs' other expert reports mentioned the need for future treatment. *See* (Pl.'s Mem. at Exhibit "J" (report from plastic surgeon)). Thus, there was no unfair surprise to defendant. Defendant had ample time to obtain an expert to evaluate the minor plaintiff's future care costs and had ample notice that they would need such an expert well before the July 30, 1997 deadline. Further defendant could have petitioned this Court for more time if, indeed, defendant was surprised.

Given that defendant has demonstrated a "conscious disregard of the discovery process and of the orders of this Court rather than a simple inability to comply with those orders," this Court finds that preclusion of the expert witness is the proper sanction. *Higginbotham v. Volkswagenwerk Aktiengesellschaft,* 551 F.Supp. 977, 982 (M.D.Pa. 1982).

## CONCLUSION

An appropriate Order follows.

## *ORDER*

AND NOW, this 4th day of November, 1997, upon consideration of Defendant's Motion to Permit the Testimony of Mona Goldman Yudkoff, R.N., MPH, CRRN, and Plaintiff's Response thereto, and Plaintiff's Motion to Preclude the Testimony of Mona Goldman Yudkoff, R.N., MPH, CRRN, and Defendant's Response thereto, it is hereby ORDERED that the Defendant's Motion to Permit the Testimony of Mona Goldman Yudkoff is DENIED. It is FURTHER ORDERED that Plaintiff's Motion to Preclude the Testimony of Mona Goldman Yudkoff is GRANTED.